Case 4:21-cv-03616    Document 24    Filed on 02/25/25 in TXSD    Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
February 25, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REYNALDO LARA, | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 4:21-cv-3616 |
| | § | |
| UR MENDOZA JADDOU, ALEJANDRO | § | |
| MAYORKAS, WALLACE L. CARROLL, | § | |
| and MERRICK GARLAND, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before this Court is Ur Mendoza Jaddou, Alejandro Mayorkas, Wallace L. Carroll, and Merrick Garland's (collectively, "Defendants") Rule 12(b)(1) and 12(b)(6) Motion to Dismiss or, in the Alternative, for Summary Judgment. (Doc. No. 18). Reynaldo Lara ("Plaintiff") responded in opposition. (Doc. No. 20). Defendants filed a reply. (Doc. No. 22). Having considered the motion, the pleadings, and the applicable law, the Court **GRANTS** Defendants' Rule 12(b)(1) Motion to Dismiss. (Doc. No. 18). The case is dismissed for lack of subject matter jurisdiction.

**I.    Background**

Plaintiff is a Cuban national. (Doc. No. 16-2). He applied for admission into the United States in November 2011 through the San Ysidro, California Port of Entry. (Doc. No. 18-1). He was served with a Notice to Appear and paroled into the country pending a hearing before an Immigration Judge. (*Id.*). Subsequently, however, Plaintiff left the United States and entered Canada. (Doc. No. 18-2). On or about July 10, 2015, Plaintiff entered the United States near the Vermont–Canada border without an immigration inspection or documentation and was detained by an immigration officer. (*Id.*). Since he was no longer deemed "paroled" into the United States, but rather, was "present in the United States without admission or parole," Immigration and

Customs Enforcement ("ICE") moved to terminate the first removal proceeding (arising from his entry through California), and the Immigration Judge granted the motion. (Doc. No. 18-3).

On July 30, 2015, ICE issued Plaintiff a second Notice to Appear, classifying him as an "alien present in the United States who has not been admitted or paroled." (Doc. No. 18-4). On September 15, 2015, the Immigration Judge ordered Plaintiff to be removed from the United States to Cuba. (Doc. No. 16-1). Plaintiff did not appeal the removal order. Instead, he moved the immigration court to reopen his case, (Doc. No. 18-5), which the court denied, (Doc. No. 18-7). Once again, Plaintiff did not appeal the denial of his motion.

On or around April 27, 2016, ICE released Plaintiff from custody under an Order of Supervision. (Doc. No. 18-8). That order specifically states that "[t]his release does not affect your removal order and does not constitute an admission to the United States." (*Id.*).

Plaintiff alleges that, while on release, he applied for parole with the Houston Field Office of USCIS, which, on August 23, 2016, granted Plaintiff parole under Immigration and Nationality Act § 212(d)(3). (Doc. No. 20 at 6). Plaintiff's Form I-94, Departure Form, states in longhand that Plaintiff is paroled until August 22, 2018, and that the purpose is "Cuban parole." (Doc. No. 16-2).

Defendants contend that this issuance of parole was in error. (Doc. No. 18 at 9). They rely on the affidavit of Ronald B. Foster, a Supervisory Immigration Services Officer in the USCIS Houston Field Office. (*Id.* (citing Doc. No. 18-9)). In the affidavit, Mr. Foster avers that the Department of Homeland Security file-tracking records demonstrates that the Immigration Services Officer ("ISO") issuing the Form I-94 at issue did not have Plaintiff's physical administrative immigration files to review prior to issuing that parole. (Doc. No. 18-9 at 3). He further avers that the 2016 parole was parole to "extend the initial parole issued to Plaintiff by U.S.

2

Customs and Border Protection (CBP) on November 21, 2011"—when Plaintiff entered through California. (*Id.*). Importantly, he avers that the "ISO who issued the August 23, 2016 'Forms I-94, Departure Record,' was not aware that Plaintiff . . . departed the United States and subsequently entered the United States without immigration inspection on or about July 10, 2015." (*Id.*). Thus, he declares, "USCIS erroneously issued the 'Form I-94, Departure Record' with a parole stamp to Plaintiff on August 23, 2016." (*Id.* at 4). Notably, Plaintiff objects to this affidavit as hearsay, contending that the testifying officer (1) was not the officer that issued the parole and (2) provides testimony as to the thought process of the issuing officer. (Doc. No. 20 at 12). As explained below, the Court need not resolve this objection in reaching its conclusion.

On September 11, 2019, Plaintiff filed a Form I-485, Application to Register Permanent Residence or Adjust Status. (Doc. No. 16-3). On April 29, 2020, however, USCIS administratively closed Plaintiff's application. (Doc. No. 16-6). The cited reason was that USCIS has jurisdiction to grant adjustment of status only if the Immigration Judge does not have jurisdiction, and in this case, the Immigration Judge retained jurisdiction because the September 16, 2015, deportation proceeding has not been terminated. (*Id.*). The decision also explains that, even with the parole granted on August 23, 2016, parole only returns the parolee to the status he held at the time of the departure—"an alien with an outstanding deportation order." (*Id.*). Importantly, however, the decision apprises Plaintiff that it "does not prevent [Plaintiff] from seeking adjustment before EOIR [Executive Office for Immigration Review]." (*Id.*).

On November 3, 2021, Plaintiff filed this suit. (Doc. No. 1). Soon thereafter, on December 8, 2021, Defendants *sua sponte* reopened Plaintiff's I-485 application, (Doc. No. 16-8), and then denied it, (Doc. No. 16-9). The reason was the same as before: Plaintiff remains a "respondent" in a removal proceeding because he did not depart the United States under the removal order, and

thus, only EOIR has jurisdiction to grant or deny his Form I-485. (*Id.*). Once again, the decision reminded Plaintiff that it "does not prevent [Plaintiff] from seeking adjustment before EOIR." (*Id.*). It also acknowledged that "USCIS erroneously administratively closed" Plaintiff's Form I-485 on April 29, 2020.

Now, in his Second Amended Complaint (filed on June 18, 2024, *after* USCIS denied his application), Plaintiff seeks a "writ of mandamus and declaratory relief" for agency "action unreasonably withheld." (Doc. No. 16 at 2, 8). Plaintiff argues that Defendants violated their "mandatory duty to accept jurisdiction over properly filed applications and issue decisions in conformity with the law on the application." (*Id.* at 9–10). Defendants move to dismiss or, alternatively, for summary judgment on Plaintiff's claim. (Doc. No. 18).

## II.     Legal Standards

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546 (2005); *People's Nat'l Bank v. Off. Of the Comptroller of the Currency of the U.S.*, 362 F.3d 333, 336 (5th Cir. 2004). Without jurisdiction conferred by statute or the Constitution, federal courts lack the power to adjudicate claims. *Exxon Mobil*, 545 U.S. at 552; *People's Nat'l Bank*, 362 F.3d at 336. A party may challenge a district court's subject matter jurisdiction by filing a motion to dismiss pursuant to Rule 12(b)(1). FED. R. CIV. P. 12(b)(1).

A federal court must consider a motion to dismiss pursuant to Rule 12(b)(1) before any other challenge because a court must have subject matter jurisdiction before determining the validity of a claim. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169 (5th Cir. 1994). The party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exist. *Ramming v. United States*, 281 F.3d 158 (5th Cir. 2001). Courts may dismiss for lack of subject matter jurisdiction on any one of the three different bases: (1) the complaint alone; (2) the complaint

supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of undisputed facts. *Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736, 741 (5th Cir. 1986).

### III.   Analysis

Defendants argue that this Court lacks subject matter jurisdiction for three reasons: (1) Plaintiff's unreasonable-delay claim is moot; (2) the denial of his application is not "final agency action" subject to judicial review; and (3) Plaintiff failed to exhaust his administrative remedies. (Doc. No. 18). They are correct on all three fronts. First, Plaintiff seeks a declaratory judgment and a writ of mandamus compelling Defendants to "prompt[ly] adjudicate[e ] his application." (Doc. No. 16 at 12). His application, however, has already been adjudicated. *See* (Doc. No. 16-9) ("[W]e must inform you that we are denying your application . . . ."). This Court cannot compel Defendants to take action that they have already taken. Plaintiff's suit, therefore, is moot, and mootness is jurisdictional. *Ermuraki v. Renaud*, 987 F.3d 384, 386 (5th Cir. 2021). If Plaintiff is dissatisfied with the action taken, his recourse was to file, within 30 days of the decision, a motion to reconsider based on any new facts or a motion to reopen based on the agency's allegedly incorrect application of the law, *see* 8 C.F.R. § 103.5(a)(2)(3); or, as the status-adjustment decision advised Plaintiff, he could have sought adjustment before the EOIR. His unexplained choice to not do so does not lift the jurisdictional bar of mootness.

To the extent that Plaintiff is arguing that the action is erroneous and that he has no recourse in immigration courts because only USCIS has exclusive jurisdiction over "arriving aliens" (which he contends he is), that argument fails. In *Matter of Yauri*, 25 I. & N. Dec. 103 (BIA 2009), the Board of Immigration Appeals held that USCIS, not EOIR, has exclusive jurisdiction over adjustment-of-status applications of arriving aliens. *See also* 8 C.F.R. §§ 245.2(a)(1), 1245.2(a)(1)

(giving the immigration judge exclusive jurisdiction over adjustment-of-status applications of aliens placed in deportation proceedings unless they are arriving aliens). Plaintiff's own second Notice to Appear—the veracity of which is uncontroverted—however, indicates that Plaintiff is classified not as an arriving alien, but "an alien present in the United States who has not been admitted or paroled." (Doc. No. 18-4). That is because Plaintiff left the country and re-entered without being "admitted and paroled after inspection by an Immigration Officer." (*Id.*). Plaintiff wholly fails to address this designation in his Notice to Appear and simply asserts—without citing to evidence or relevant law—that he is an arriving alien. That naked assertion is insufficient to overcome the uncontroverted evidence of Plaintiff's status as a non-arriving alien.

Second and third, given that controverted evidence of Plaintiff's status, the Court yet again must conclude that it lacks subject matter jurisdiction. The regulations authorize an adjustment-of-status "applicant, if not an arriving alien, . . . to renew his or her application in [deportation] proceedings . . . ." 8 C.F.R. § 245.2(a)(5)(ii). Consequently, "[t]his [C]ourt does not have subject matter jurisdiction to review status-adjustment decision by the USCIS under either the APA or the INA because the alien retains the right to *de novo* review of that decision in his final removal proceedings." *Elldaki v. Garland*, 64 F.4th 666, 671 (5th Cir. 2023) (citing *id.*). Plaintiff "has not yet exhausted his administrative remedies and this Court may not exercise jurisdiction." *Id.* (quoting *Cardoso v. Reno*, 216 F.3d 512, 518 (5th Cir. 2000)). Therefore, Plaintiff's claims must be dismissed.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' Rule 12(b)(1) Motion to Dismiss for lack of subject matter jurisdiction. This case is dismissed.

Signed on this 25th day of February 2025.

_____
Andrew S. Hanen
United States District Judge